# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

————————————

**No. 3:18-cv-00943**

————————————

**JOHN TC YEH,**

**Plaintiff,**

v.

**UNITED STATES BUREAU OF PRISONS; MARK S. INCH, Director of the
BOP; MICHAEL CARVAJAL, Regional Director of the BOP, Northeast
Region; J.E. KRUEGER, Warden of Schuylkill**

———————————————————————————————————

## BRIEF IN OPPOSITION TO MOTION FOR PRELIMINARY INJUNCTION

———————————————————————————————————

**DAVID J. FREED**
**United States Attorney**
**Michael J. Butler**
**Assistant United States Attorney**
**Attorney I.D. No. PA 81799**
**United States Attorney's Office**
**Middle District of Pennsylvania**
**228 Walnut Street, Suite 220**
**Harrisburg, Pennsylvania 17108**
**Tel: (717) 221-4482**
**Fax: (717) 221-4493**

July 24, 2018

# **TABLE OF CONTENTS**

**PAGE**

PROCEDUAL HISTORY ................................................................................................... 2

FACTUAL BACKGROUND............................................................................................... 3

QUESTION PRESENTED ................................................................................................. 7

ARGUMENT...................................................................................................................... 7

      THE REHABILITATION ACT OF 1973 AND DOJ IMPLEMENTING
      REGULATIONS ........................................................................................................ 7

      MOTION FOR PRELIMINARY INJUNCTION
      STANDARD…..………..……………………………………………………......9

      MR. YEH HAS NOT DEMONSTRATED THAT HE IS ENTITLED THE
      EXTRAORDINARY MANDATORY RELIEF OF A PRELIMINARY
      INJUNCTION……………………………………………………………………...12

CONCLUSION ............................................................................................................... 27

CERTIFICATE OF SERVICE

# TABLE OF AUTHORITIES

**CASES**                                                    **PAGES**

Abbott Labs. v. Gardner,
    387 U.S. 136 (1967).................................................................................22

Allen v. Wright,
    468 U.S. 737 (1984).................................................................................25

Already, LLC v. Nike, Inc.,
    568 U.S. 85 (2013)...................................................................................25

Alvarez v. Smith,
    558 U.S. 87 (2009)...................................................................................25

Am. Council of Blind v. Paulson,
    463 F.Supp.2d 51 (D.D.C.2006)........................................................ 20, 21

Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.,
    42 F.3d 1421 (3d Cir. 1994) ...................................................................10

Anderson v. Davila,
    125 F.3d 148 (3d Cir. 1997) ...................................................................11

Angstadt ex rel. Angstadt v. Midd-West Sch.,
    182 F. Supp. 2d 435 (M.D. Pa. 2002) ....................................................11

Arizonans for Official English v. Arizona,
    520 U.S. 43 (1997)...................................................................................25

Bell v. United States, Civ. A.,
    No. 9:16-1225, 2017 WL 2216299 (D.S.C. May 19, 2017)....................14

Bennett v. New York Hous. Auth.,
    248 F. Supp. 2d 166 (E.D.N.Y. 2002)....................................................14

BFP v. Resolution Trust Corp.,
    511 U.S. 531 (1994).................................................................................13

Brown v. VA,
    451 F. Supp. 2d 273 (D. Ma. 2006)........................................................14

Camp v. Pitts,
    411 U.S. 138 (1973).................................................................................23

Citizens to Preserve Overton Park v. Volpe,
  401 U.S. 402 (1971) ....................................................................................23

Clark v. Skinner,
  937 F.2d 123 (4th Cir. 1991) ................................................. 14, 17, 21, 24

Cooke v. BOP,
  926 F. Supp. 2d 720 (E.D.N.C. 2013) ........................................... 14, 19

Cousins v. Sec'y of the U.S. Dep't of Transp.,
  880 F.2d 603 (1st Cir. 1989) .................................14, 16, 18, 21, 22, 24

Crayton v. Shalala,
  No. CV-94-N-1689-S, 1995 WL 605599 (N.D. Ala. May 3, 1995) ....................15

Daimler Chrysler Corp. v. Cuno,
  547 U.S. 332 (2006) ....................................................................................25

Darby v. U.S. Department of Transp, et al.
  No 1:14CV245, 2014 WL 1320143 (M.D.N.C. Mar. 28, 2014) .....................19

Emile v. SCI-Pittsburgh,
  No. 04-974, 2006 WL 2773261 (W.D. Pa. Sept. 24, 2006) ....................10

Gerardi v. Pelullo,
  16 F.3d 1363 (3d Cir. 1994) ...................................................................10

Goff v. Harper,
  60 F.3d 518 (3d Cir. 1995) ....................................................................11

Highmark, Inc. v. UPMC Health Plan, Inc.,
  276 F.3d 160 (3d Cir. 2001) ..................................................................10

Howard v. Bureau of Prisons,
  Civ A. No. 3:05–CV–1372, 2008 WL 318387 (M.D. Pa. Feb. 4, 2008) .....................19, 20

Irwin v. Department of Veterans Affairs,
  498 U.S. 89 (1990) ....................................................................................12

Kinneary v. New York,
  358 F. Supp. 2d 356 (S.D.N.Y. 2005) ............................................. 13, 14

Krumel v. City of Fremont,
  No. 8:01CV259, 2002 WL 808633 (D. Neb. Jan. 2, 2002) ....................14, 18

Lane v. Pena,
  518 U.S. 187 (1996) ........................................................................... 12, 15

iii

Lehman v. Nakshian,
   453 U.S. 156 (1981) ................................................................................................12

Library of Congress v. Shaw,
   478 U.S. 310 (1986) ................................................................................................12

Madison Square Garden Corp. v. Braddock,
   90 F.2d 924 (3d Cir. 1937) ....................................................................................10

Marlow v. United States Dep't of Educ.,
   820 F.2d 581 (2d Cir. 1987) ................................................................ 14, 15, 22, 24

Mazurek v. Armstrong,
   520 U.S. 968 (1997) ................................................................................................10

McCahon v. Penn. Tpk. Comm'n,
   491 F. Supp. 2d 522 (M.D. Pa. 2007) ..................................................................11

Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain,
   145 F. Supp. 2d 621 (M.D. Pa. 2001) ..................................................................10

Opticians Ass'n of Am. v. Indep. Opticians of Am.,
   920 F.2d 187 (3d Cir. 1990) ..................................................................................10

Pereira v. DOJ,
   No. 16-cv-2599 (NRB), 2016 WL 2745850 (S.D.N.Y. May, 11, 2016) .......................... 14, 16

Preiser v. Newkirk,
   422 U.S. 395 (1975) ................................................................................................25

Pudlin v. Office for (Not of) Civil Rights,
   186 F. Supp. 3d 288 (S.D.N.Y. May 9, 2016) ......................................................14

Rose-Diaz v. Harry,
   Civ. No. 1:16-CV-2303, 2017 WL 7038469 (M.D. Pa. Dec. 21, 2017) .......................... 10, 11, 15, 26

SAI v. Department of Homeland Sec.,
   149 F. Supp. 3d 99 (D. D.C. 2015) ..................................................................14, 21, 22

Salvador v. Bell,
   622 F. Supp. 438 (N.D. Ill.1985) ..........................................................................16

Salvador v. Bennett,
   800 F.2d 97 (7th Cir. 1986) ..........................................................................14, 16, 24

SI Handling Systems, Inc. v. Heisley,
   753 F.2d 1244 (3d Cir. 1985) ................................................................................10

Smith v. DOD DLA DDSP, 1:CV-09-0413,
    2010 Wl 1390854 (M.D. Pa. Mar. 30, 2010) .......................................................24

Spence v. Straw,
    54 F.3d 196 (3d Cir. 1995) ...............................................................................20

United States v. Bell,
    238 F. Supp. 2d 696 (M.D. Pa. 2003) ...............................................................10

United States v. Nordic Village, Inc.,
    503 U.S. 30 (1992) ...........................................................................................12

United States v. Price,
    688 F.2d 204 (3d Cir. 1982) ..............................................................................11

United States v. Williams,
    514 U.S. 527 (1995) ........................................................................................12

West v. Spellings,
    480 F. Supp. 2d 213 (D.D.C. 2007) ..................................................................14

Wilson v. Seattle Hous. Auth.,
    No. C-29-226MJP, 2010 WL 1633323 (W.D. Wash. April 22, 2010) ...................... 14, 21

Wisher v. Coverdell,
    782 F. Supp. 703 (D. Ma 1992) .........................................................................15

## **STATUTES**

5 U.S.C. §§ 701-706 ...............................................................................................21

18 U.S.C. § 3626(a)(1)(A) ................................................................................ 10, 26

28 U.S.C. § 794 .......................................................................................................8

28 U.S.C. § 794(a) ................................................................................................19

29 U.S.C. § 794 ................................................................................................ 2, 15

29 U.S.C. § 794(a) ...................................................................................................7

29 U.S.C. § 794a(a) ..............................................................................................13

29 U.S.C. §794a(a)(1) ...........................................................................................13

29 U.S.C. § 794a(a)(2) ............................................................................................................13

42 U.S.C. § 2000d ....................................................................................................................13

42 U.S.C. § 2000e-5 .................................................................................................................13

## **REGULATIONS**

28 C.F.R. § 39.101-.170 .............................................................................................................8

28 C.F.R. § 39.130(a) .................................................................................................................5

28 C.F.R. § 39.1059………………………………………………………………………………19

39 C.F.R. § 255.1 .....................................................................................................................18

49 C.F.R. § 391.49(a) ...............................................................................................................17

DJF:MJB

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN TC YEH,** | : | **NO. 3:18-CV-00943** |
| **Plaintiff,** | : | |
| | : | **(Munley, J.)** |
| **v.** | : | **(Carlson, M.J.)** |
| | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS; MARK S. INCH,** | : | |
| **Director of the BOP; MICHAEL** | : | |
| **CARVAJAL, Regional Director of** | : | |
| **The BOP, Northeast Region;** | : | |
| **J.E. KRUEGER, Warden of** | : | |
| **FCI Schuylkill,** | : | |
| **Defendants.** | : | **Filed Electronically** |

## BRIEF IN OPPOSITION TO
## MOTION FOR A PRELIMINARY INJUNCTION

Defendants United States Bureau of Prisons (BOP), Hugh Hurwitz (incorrectly identified as Mark S. Inch), Acting Director of the BOP, Michael Carvajal, NE Regional Director, and Ken Gabrielson (incorrectly identified as J.E. Krueger), Acting Warden of FCI Schuylkill, hereby oppose Plaintiff John TC Yeh's motion for a preliminary injunction.   The motion has no merit whatsoever because Mr. Yeh cannot show a reasonable probability of success on the merits, he will not be injured

by the denial of the relief, the granting of the relief will cause greater harm to the Bureau of Prisons, and the public interest does not support granting the relief.

## I.    Procedural History

Plaintiff John TC Yeh, a deaf inmate of the Schuylkill Correctional Institute (FCI Schuylkill), brings a claim purportedly per Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, as he seeks injunctive relief for the BOP to install a videophone so that he can have telecommunications access.   <u>See</u> Compl. (Doc. No. 1) ¶ 1.   He filed a motion for preliminary injunction against all defendants at the same time he filed his complaint.   <u>See</u> Motion (Doc. No. 2).

On July 9, 2018, the federal officials asked for an extension of time to respond to the Complaint and to the motion for preliminary injunction.   <u>See</u> Motion (Doc. No. 17).   On July 11, 2018, the Court granted in part and denied in part the motion for an extension of time.   Doc. No. 20.   The Court ordered Defendant to file a response to the preliminary injunction and a status report on the progress being made to implement video-phone technology and thereafter file bi-weekly status reports updating the court and the parties.   Mr. Yeh may file a reply brief on or before Tuesday, August 7, 2018, and depending on the arguments made by the parties, the Court may convene a hearing on the motion on Friday, August 10, 2018.   <u>See id.</u>

2

## II.    Factual Background

Mr. Yeh, a federal inmate serving a one hundred eight (108) month sentence imposed by the U.S. District Court for the District of New Jersey for Conspiracy to Commit Mail Fraud, has a projected release date of October 14, 2019, via good conduct time release.    See Declaration of Erin Frymoyer (Ex. 1).    Mr. Yeh reported that he has been deaf since birth.    See 02/05/2018 Admin. Ord. of the Complaint Adjudication Office (Ex. B (originally attached as Plaintiff's Ex. A to the Compl.)).    On January 20, 2012, Mr. Yeh began serving his prison term with his brother Joseph Yeh, convicted of a crime arising out of the same events of Mr. Yeh's conviction. See id. at 3.    Thus from January 20, 2012, to his release in August 2015, Mr. Yeh's brother interpreted for him using ASL with staff and fellow inmates.    See id.

After Joseph Yeh's release, BOP officials attempted to make arrangements for an ASL interpreter, but because of the isolated location of the prison and the need for background checks of the interpreters, it became difficult to secure the services of an interpreter. See id. at 5-6.    BOP officials made arrangements for interpreters at meetings and programs, but needed notice from Mr. Yeh so that they could properly secure the services of an interpreter.    See id.

Prior to the final administrative decision in this matter, the BOP could not secure an interpreter for all of its programs and services for Mr. Yeh because of the limited pool of applicants and the need for background checks, but it did draft

3

summaries of meetings for him, and requested the help of some inmates familiar with ASL.  See id. at 7.

The BOP had also installed bright flashing strobe lights and a vibrating alarm for Mr. Yeh, in the event of an emergency.  See id. at 8.

As to telecommunications, the BOP had implemented a Telephone Communications Program, allowing inmates to communicate by telephone with family and friends outside the institution. See id. at 9.  As a deaf inmate, Mr. Yeh could not use the phones, but had access to the Teletypewriter (TTY) system.  See id. at 10.  As stated in the final administrative order in this case, the TTY system, could only be used for outgoing calls, and, in contrast to regular phones, only if a correctional officer was sought to gain permission to a locked room.  See id. at 10. No deaf individual could use the TTY to make calls to the prison.  See id.  In comparison to a videophone, the TTY is slower, requiring the typing of words, waiting for someone to read the message, and then typing of more words.  See id.

On March 13, 2015, Mr. Yeh submitted Administrative Remedy 812650-F2, requesting a videophone, sign language interpreters, and auxiliary aids such as vibrating alarm clocks, pagers, vibrating bed devices, and message boards.  The Warden denied his request on March 25, 2015.  See Attach C to Ex. 1.  Mr. Yeh appealed to the Regional Director, filing Administrative Remedy 812650-R1 on March 30, 2015, who denied his appeal. See Attach D. to Ex. 1.  Finally, on May 12, 2015,

4

Mr. Yeh appealed to BOP's Central Office, filing Administrative Remedy 812650-A1, and that appeal was denied on July 1, 2015.   <u>See</u> Attach. E to Ex. 1.

On September 24, 2015, per the procedures set forth in 28 C.F.R. § 39.130(a), .160, and .170, an additional layer of review, Mr. Yeh filed an administrative complaint, requesting a videophone, sign language interpreters, and certain auxiliary aids to facilitate emergency notifications. <u>See</u> Admin. Order (Ex. B) at 2.   An administrative hearing was conducted in early 2017.    <u>See</u> <u>id.</u>   On April 17, 2017, the Administrative Law Judge issued a recommended decision, finding that Mr. Yeh must be provided an interpreter when the BOP provides him with significant information and instruction; the BOP had adequate devices for emergency situations and announcements; and TTY devices, although inferior to videophones, provided adequate telecommunication to Mr. Yeh for his friends and family.   <u>See</u> <u>id.</u> at 6-14 Thus, the ALJ denied Mr. Yeh's request for a videophone at FCI Schuylkill.   <u>See</u> <u>id.</u> at 13-14.

On February 5, 2018, the Acting Complaint Adjudication Officer for the Department of Justice issued a final decision, adopting the ALJ's findings, but for the videophone.   <u>See</u> <u>id.</u> at 6-14.   As to the videophone, the Adjudication Officer found, for the first time in these proceedings, that Mr. Yeh's access to TTY did not provide him with equal participation opportunities.   <u>See</u> <u>id.</u> at 10.   The TTY device is much slower than a videophone; whereas a video picks up on information conveyed

through pauses, sighs, and other "aural cues," and is less cumbersome communication

as the typing on TTY takes a substantial amount of time.   See id.   As to the security

of using a videophone, the Adjudication Officer rejected the BOP's monitoring

concerns, concerns about coercion of other inmates who do not have this access, and

the BOP's need to get DOJ authorization.   See id. at 16-19.

Hence, the BOP was directed to provide a videophone or other device that

would permit Yeh to communicate with other hearing impaired individuals using

ASL.   The Adjudication Officer cautioned Yeh that

> actual implementation of videophone use will likely require significant
> patience and adjustment. BOP has significant responsibilities for
> assessing the available budget in the present and coming fiscal year, for
> determining the feasibility of installing dedicated lines at FCI Schuylkill
> or at another institution, and for coordinating a waiver from authorities
> at the Department of Justice. These and other attendant matters may
> take some time.

Id. at 20.   Mr. Yeh did not exercise any patience in this regard, as he filed the

instant complaint less than three months after this decision.   See Compl. (Doc.

No. 1) (filed May 3, 2018).

Nevertheless, the BOP has since the final order of February 5, 2018,

taken steps to comply with that order and is currently in the process of

providing the institution with a videophone that Mr. Yeh may use.   See Ex. C

(this exhibit also is a status update per the Court's order).

6

### III.    Question Presented

Whether this Court should deny the motion for preliminary injunction because Mr. Yeh cannot show a reasonable probability of success on the merits, he will not be injured by the denial of the relief, the granting of the relief will cause greater harm to the Bureau of Prisons, and the public interest does not support granting the relief.

**Suggested Answer:** Affirmative.

### IV.    Argument

### A. The Rehabilitation Act of 1973 And DOJ Implementing Regulations

Section 504 of the Rehabilitation Act of 1973 (referred below as "Section 504" or "Rehabilitation Act"), as amended, provides in pertinent part:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service. The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section made by the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978.

29 U.S.C. § 794(a).

Per section 504 (29 U.S.C. § 794(a)), the Department of Justice (DOJ) has

implemented a comprehensive regulatory scheme to process complaints of disability

discrimination in the programs and activities it conducts.   See 28 C.F.R. § 39.101-

.170.[1]   Section 39.130 mirrors and buttresses the language of 28 U.S.C. § 794, in that

the DOJ prohibits discrimination of a "qualified handicapped person" in its programs

and activities.   Id.; see also § 39.149 (prohibition of discrimination in program

accessibility); § 39.160 (prohibition of discrimination in communications).

Section 39.160 particularly provides that the DOJ "shall furnish appropriate

auxiliary aids where necessary to afford a handicapped person an equal opportunity to

participate in, and enjoy the benefits of, a program or activity conducted by the

agency."   Id. § 39.160(a)(1).   Although the regulations give primary consideration of

an individual request for auxiliary aids, the regulations specify that

"telecommunication devices for deaf persons (TDD's) or equally effective

telecommunication systems shall be used."   Id.   A TDD is similar to a TTY, in that

it is uses typing to communicate.   Contrary to Mr. Yeh's brief in support of the

injunction, the section 39.103 definitions do not provide "videophone" as an example

of an auxiliary aid, but rather gives the example of TDDs.   See id.

A federal inmate alleging violations of the Rehabilitation Act in BOP's

programs and activities must first exhaust the BOP's administrative remedy

procedure.   See § 39.170(d)(1)(ii).   Under the regulation, an inmate may file a

---

[1] The Bureau of Prisons is part of the Department of Justice.

complaint with DOJ's Director of Equal Employment Opportunity or BOP's EEO Officer.  <u>See</u> § 39.170(d)(1)(i).  An investigation ensues and if the parties are not able to reach an informal resolution, the BOP's EEO Officer issues a letter of findings. <u>See</u> § 39.170(g)(1),(h).  Either party may file an appeal from the letter of findings to the Complaint Adjudication Officer (CAO) at DOJ, including a request for a hearing. <u>See</u>. § 39.170(h).  If either party requests a hearing in its appeal, one is held before an administrative law judge and conducted in accordance with the APA.  <u>See</u> § 39.170(k).  After the administrative law judge issues a recommended decision, either party may file exceptions with DOJ's CAO.  <u>See</u> <u>id.</u>  The CAO then issues a final decision based on the entire record.  <u>See</u> § 39.170(l).

As acknowledged by Yeh in his complaint, he has completed the process summarized above, including five (5) days of hearing testimony before an administrative law judge. Compl. (Doc. No. 1) ¶ 2.

## B. <u>Motion For Preliminary Injunction Standard</u>

Mr. Yeh seeks a motion for a preliminary injunction per Rule 65 of the Federal Rules of Civil Procedure.  This Court recently noted the factors the Third Circuit Court of Appeals requires a court to resolve in determining whether to issue this extraordinary remedy:

> Four factors govern a district court's decision whether to issue a preliminary injunction: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be

irreparably injured by denial of the relief, (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest.   Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994) (quoting SI Handling Systems, Inc. v. Heisley, 753 F.2d 1244, 1254 (3d Cir. 1985)); see also Highmark, Inc. v. UPMC Health Plan, Inc., 276 F.3d 160, 170-71 (3d Cir. 2001); Emile v. SCI-Pittsburgh, No. 04-974, 2006 WL 2773261, *6 (W.D. Pa. Sept. 24, 2006) (denying inmate preliminary injunction).

Rose-Diaz v. Harry, Civ. No. 1:16-CV-2303, 2017 WL 7038469, at * 1 (M.D. Pa. Dec. 21, 2017), adopted 2018 WL 509741 (M.D. Pa. Jan. 23, 2018).

Mr. Yeh must establish by a clear showing that this "extraordinary" and "drastic" remedy should be granted by showing all four factors weigh in his favor and this is the only way of protecting plaintiff from harm.   See id. (citing Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426–27 (3d Cir. 1994); Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001); United States v. Bell, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003) Mazurek v. Armstrong, 520 U.S. 968, 972 (1997); Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990); Madison Square Garden Corp. v. Braddock, 90 F.2d 924, 927 (3d Cir. 1937)).

The Prison Litigation Reform Act also limits the power of courts to impose an injunction.   See id. (citing 18 U.S.C. § 3626(a)(1)(A)).   Subsection 3626(a)(1)(A) provides:

Prospective relief in any civil action with respect to prison conditions

10

shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief.

Id.

As to proving success on the merits, Mr. Yeh must establish sufficient evidence to support each element of his Rehabilitation Act claim, and the Court must examine the legal principles underlying the claim and any legal defenses.   Rosa-Diaz, 2017 WL 7038469, at *2 (citing McCahon v. Penn. Tpk. Comm'n, 491 F. Supp. 2d 522, 526 (M.D. Pa. 2007)).

As to irreparable harm, Mr. Yeh must show it is not speculative, but actual and imminent.   See id. (citing Angstadt ex rel. Angstadt v. Midd-West Sch., 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002)).

As to the nature of the relief being mandatory, like ordering a videophone be installed at FCI Schuylkill, this Court must use great caution as mandatory injunctions are used "sparingly" especially when "dealing with the complex and intractable problems of prison administration."   Id., at 3 (citing United States v. Price, 688 F.2d 204, 212 (3d Cir. 1982); Goff v. Harper, 60 F.3d 518 (3d Cir. 1995); Anderson v. Davila, 125 F.3d 148, 156 (3d Cir. 1997)).   Importantly, this Court is taxed with

11

maintaining the status quo and to not decide the issue of the merits when ruling on

preliminary injunction motion.   See id.


### C. Mr. Yeh Has Not Demonstrated That He Is Entitled The Extraordinary Mandatory Relief Of A Preliminary Injunction

**1) Mr. Yeh cannot show success on the merits because this Court does not have jurisdiction to hear his Rehabilitation Act claim**

The United States Supreme Court has noted:

> A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, see, e.g., United States v. Nordic Village, Inc., 503 U.S. 30, 33–34, 37 (1992), and will not be implied, Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95 (1990).

Lane v. Pena, 518 U.S. 187, 192 (1996).   This Court must strictly construe whether

sovereign immunity has been waived in terms of scope in favor of the United States.

See id. (citing United States v. Williams, 514 U.S. 527, 531 (1995); Library of Congress

v. Shaw, 478 U.S. 310, 318 (1986); Lehman v. Nakshian, 453 U.S. 156, 161 (1981)).

The United States has not waived its sovereign immunity so that an inmate may

sue the Bureau of Prisons under the Rehabilitation Act in federal court.


### i)   This Court does not have jurisdiction over Mr. Yeh's Rehabilitation Act claim

When determining whether a statute applies, courts look at the actual language

of that statue.   Section 505 of the Rehabilitation Act addresses the remedies that are

available for violations of the Act:

> The remedies, procedures, and rights set forth in Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d <u>et seq.</u>) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. § 2000e-5), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

29 U.S.C. § 794a(a)(2) (emphasis added).   A separate subsection sets forth the remedies, procedures, and rights available in Rehabilitation Act claims concerning employment.   29 U.S.C. §794a(a)(1).

   Nowhere does Section 505 address the remedies available for violations of the Rehabilitation Act by federal agencies conducting their own programs and activities. <u>See</u> <u>generally</u>, 29 U.S.C. § 794a(a) (addressing only remedies available in employment cases or against recipients of federal funds and federal funders).   The Supreme Court requires courts to follow the general rule that "where in the same statute Congress expressly provides a remedy for one violation but not another, the omission is considered intentional.   <u>See</u> <u>Kinneary v. New York,</u> 358 F. Supp. 2d 356, 359-60 (S.D.N.Y. 2005) (citing <u>BFP v. Resolution Trust Corp.,</u> 511 U.S. 531, 537 (1994)).

   In the absence of any explicit statutory language, courts have consistently found that there is no private right of action to enforce the Rehabilitation Act against

federal program agencies.[2]  <u>See</u>, <u>e.g.</u>, <u>Clark v. Skinner</u>, 937 F.2d 123, 125-26 (4th Cir.

1991); <u>Cousins v. Sec'y of the U.S. Dep't of Transp.</u>, 880 F.2d 603, 605-06 (1st Cir.

1989); <u>Marlow v. United States Dep't of Educ.</u>, 820 F.2d 581, 583 (2d Cir. 1987);

<u>Salvador v. Bennett</u>, 800 F.2d 97, 99 (7th Cir. 1986); <u>Bell v. United States</u>, Civ. A. No.

9:16-1225, 2017 WL 2216299, at *3 (D.S.C. May 19, 2017); <u>Pudlin v. Office for (Not</u>

<u>of) Civil Rights</u>, 186 F. Supp. 3d 288, 293-94 (S.D.N.Y. May 9, 2016) <u>Pereira v. DOJ</u>,

No. 16-cv-2599 (NRB), 2016 WL 2745850 (S.D.N.Y. May, 11, 2016); <u>SAI v.</u>

<u>Department of Homeland Sec.</u>, 149 F. Supp. 3d 99, 110-11 (D. D.C. 2015); <u>Darby v.</u>

<u>United States DOT</u>, No. 1:14-cv-245; 2014 WL 1320143, at *2 (M.D.N.C. Mar. 28,

2014); <u>Cooke v. BOP</u>, 926 F. Supp. 2d 720, 731 (E.D.N.C. 2013); <u>Wilson v. Seattle</u>

<u>Hous. Auth.</u>, No. C-29-226MJP, 2010 WL 1633323, at *5-6 (W.D. Wash. April 22,

2010); <u>West v. Spellings</u>, 480 F. Supp. 2d 213, 217 (D.D.C. 2007); <u>Brown v. VA</u>, 451

F. Supp. 2d 273, 278 (D. Ma. 2006); <u>Kinneary v. New York,</u> 358 F. Supp. 2d 356, 359-

60 (S.D.N.Y. 2005); <u>Bennett v. New York Hous. Auth.</u>, 248 F. Supp. 2d 166, 170

(E.D.N.Y. 2002); <u>Krumel v. City of Fremont,</u> No. 8:01CV259, 2002 WL 808633, at

---

[2] Different lines of authority have developed with matters involving issues of federal funding and federal agencies conducting their own programs and activities.  The case before this Court involves a federal agency, the BOP, conducting its own program and activities.  The cases cited below involve both types of matters.  Interesting, both matters find no private cause of action under section 504.  Nevertheless, the matters involving federal agencies conducting their own programs and activities would provide the most persuasive authority for this court, and examples are also spelled out below.

*2-5 (D. Neb. Jan. 2, 2002); Crayton v. Shalala, No. CV-94-N-1689-S, 1995 WL

605599, at *3-5 (N.D. Ala. May 3, 1995), aff'd, Crayton v. Callahan, 120 F.3d 1217

(11th Cir. 1997); Wisher v. Coverdell, 782 F. Supp. 703, 707 (D. Ma 1992).[3]

     As the Court will aptly note, there are no Third Circuit cases cited above, as

this Circuit has not yet addressed this particular issue.   The First, Second, Fourth, and

Seventh Circuit, however, have done so explicitly and their reasoning is sound.

     In Marlow (2d Cir.), the plaintiff who had a psychiatric disorder filed an

administrative complaint with the regional civil rights office of the United States

Department of Education, claiming the New York City Board of Examiners refused

to hire him as an English teacher in violation of section 504 of the Rehabilitation Act,

29 U.S.C. § 794.   See 820 F.2d at 581.   The plaintiff exhausted his

administrative/regulatory remedies and the claim was ultimately denied.   See id. at

581-82.   The plaintiff brought an action in district court under the Rehabilitation Act,

and the district court dismissed the complaint, stating "[t]here is no grounds for suit."

Id. at 582.   The Second Circuit affirmed that district court.   See id.

     The Second Circuit found that the Rehabilitation Act does not provide a

---

[3] The United States Supreme Court held in Lane, 518 U.S. at 193, that section 504 of
the Rehabilitation Act does not provide for a private cause of action for monetary
relief, except for where a federal agency is acting as a federal provider of financial
assistance; but the Court left open the question of whether it provided for injunctive
relief.

private cause of action for a disposition of an administrative complaint.    See id. at

583.   The court held:

> We do not believe that a private right of action by an individual
> complainant against a federal funding agency for review of an agency's
> finding of no discrimination can be implied under section 504.   Such an
> action would be "inconsistent with the statutory scheme and the integrity
> of the Section 504 administrative process."

Id. (quoting Salvador v. Bell, 622 F. Supp. 438, 442 (N.D. Ill.1985), aff'd sub nom.

Salvador, 800 F. 2d at 99-100); see also Pereira, 2016 WL 2745850, at *19 (holding

that section 504 of the Rehabilitation Act does not provide a private cause of action,

regardless whether a plaintiff seeks monetary or injunctive relief).

In Salvador (7th), 800 F.2d at 98, the plaintiff, a student who had neurological

conditions that made it difficult for him to study and write, filed a complaint with the

Department of Education claiming that a university failed to modify its programs and

policies to accommodate him.   See id.   The plaintiff exhausted his

administrative/regulatory remedies, and his claim was ultimately denied.   See id.

After the denial, the plaintiff filed a complaint in district court, seeking compensatory

and injunctive relief, requesting that his complaint be reviewed by the federal court.

See id.   The district court held there was no private cause of action available, and the

Seventh Circuit affirmed.   See id.

In Cousins (1st), 880 F.2d at 604, the plaintiff brought a suit under the

16

Rehabilitation Act and claimed that the federal Department of Transportation prevented him from obtaining a truck driving license based on a federal regulation with hearing requirements.   See id. (citing 49 C.F.R. § 391.49(a) (requiring truck drivers to be able to hear "a forced whispered voice in the better ear at not less than 5 feet").   The district court dismissed the action without prejudice, and the First Circuit initially reversed the dismissal and remanded the matter back for trial.   See id.   The First Circuit reconsidered the matter en banc and concluded that the district court was correct in dismissing the Rehabilitation Act claim.   The First Circuit noted that the Rehabilitation Act provides remedies for actions against "any recipient of Federal assistance or Federal provider of such assistance" and against the federal government as an employer, but it "does not expressly provide a remedy or one harmed by a federal agency's regulatory action."   Id. at 605 (emphasis in original).   Indeed, the court said that "[t]he concept of an implied private right of action serves a useful purpose elsewhere in the law, when a plaintiff seeks to enforce a federal statute against a non-federal person."   Id. at 606.

In Clark (4th Cir.), 937 F.2d at 124-25, the plaintiff, a truck driver with an amputated left arm over the elbow, petitioned for a waiver from a Department of Transportation regulation requiring amputated drivers to wear prosthetic device while drive.   See id.   The Department denied his petition, and thereafter, the plaintiff filed a lawsuit against the Secretary of Transportation, claiming the prosthetic device

17

requirement violated the Rehabilitation Act and the Fifth Amendment.  See id.  The district court found that there is no private cause of action under the Rehabilitation Act, and the Fourth Circuit affirmed.

The Fourth Circuit, citing Cousins, reasoned that the section 504 does not provide a private cause of action against the federal government in its role as a regulator.  See id. (citing Cousins, 880 F.2d at 605).  The court rejected the plaintiff's claim that he could not bring his "full panoply" of claims in an administrative forum. See id. at 126.  The court found that the administrative determination would include all section 504 issues as well as constitutional issues.  See id.

Although not in the circuit court, a district court in the Eighth Circuit, in Krumel, 2002 WL 808633, at *2-3, found that section 504 did not allow for private causes of action against the United States Postal Service (USPS).  The plaintiff who had disabilities, including blindness, claimed that the placement of mailboxes by USPS and his municipality caused him harm and the failure to move them was discriminatory.  See id., at *1. The district court noted that the USPS had a complaint procedure set up by its own Rehabilitation Act regulations.  See id., at *4 (citing 39 C.F.R. § 255.1).  The district court found that the complaint procedures were available to the plaintiff and there was no reason that they would not be effective. See id.  "Utilization of that procedure by complainants such as [the plaintiff] should expedite the resolution of complaints and promote judicial economy."  Id., at *5.

18

In addition to the persuasive circuit and district court authority above, this Court should look at the legislative history of the applicable regulations. The Department Justice adopted regulations to enforce section 504 of the Rehabilitation Act, 28 U.S.C. § 794(a) because the Act did not provide for a remedy for violations of section 504.   Indeed, the Department stated:

> Section 39.170 establishes a detailed complaint processing and review procedure for resolving allegations of discrimination in violation of section 504 in the Department of Justice's programs and activities. The 1978 amendments to section 504 failed to provide a specific statutory remedy for violations of section 504 in federally conducted programs. The amendment's legislative history suggesting parallelism between section 504 for federally conducted and federally assisted programs is unhelpful in this area because the fund termination mechanism used in section 504 federally assisted regulations depends on the legal relationship between a Federal funding agency and the recipients to which the Federal funding is extended.   The Department has decided that the most effective and appropriate manner in which to enforce section 504 in the federally conducted area is through an equitable complaint resolution process. Section 39.170 establishes this process.

Cooke v. BOP, 926 F. Supp. 2d at 730 (quoting Notice of Proposed Rulemaking and Supplementary Notice, 28 C.F.R. Pt. 39, Nt., at 1059).

As plaintiff will note, there have been some lower court decisions, including the Middle District of Pennsylvania, that believe a private cause of action exist against a federal agency under the Rehabilitation Act..   See Howard v. Bureau of Prisons, Civ A. No. 3:05–CV–1372, 2008 WL 318387, at *9 (M.D. Pa. Feb. 4, 2008); Am. Council of Blind v. Paulson, 463 F.Supp.2d 51, 57–58 (D.D.C.2006), aff'd, 525 F.3d 1256

(D.C.Cir.2008).

In Howard, 2008 WL 318387, at *12, the district court found that the plaintiff did not establish that he was disabled under the Rehabilitation Act, and ultimately granted summary judgment to the BOP defendants.   See id.   In finding a private cause of action under section 504, the district court did not address the above-cited cases, but instead, the district court relied on Spence v. Straw, 54 F.3d 196, 199-200 (3d Cir. 1995).   The Third Circuit in Spence, however, regarded an employment action against the Department of Defense and whether the plaintiff was improperly passed over for a position because of his disability.   See id. at 197-98.   Neither the Spence court nor any other Third Circuit case has held that federal agencies operating their own programs and activities can be sued when not acting in an employment context.   See id.

The Middle District of Pennsylvania court also relied on Am. Council of Blind, 463 F.Supp.2d 51, 57–58 (D.D.C.2006), aff'd, 525 F.3d 1256 (D.C. Cir. 2008).   In Am. Council of Blind, the blind and visually impaired individuals brought an action against the Treasury Department under the Rehabilitation Act, claiming that paper currency was not easily distinguishable for those with vision impairments and thus violated the Act.   The D.C. Court of Appeals, affirming the district court, denied summary judgment of the Treasury.   The court did not address why the Rehabilitation Act offered a private cause of action.   See Wilson v. Seattle Housing

20

Auth., No. Co9-226MJP, 2010 WL 1633323, at *6 (W.D. Wash. Apr. 22, 2010)

(noting Am. Council of Blind was not persuasive as it found a private organization

could sue under the Act without any comment) (emphasis added).   Moreover, the

D.C. district court in Sai recently followed the First and Fourth Circuits in Cousins

and a Clark, finding no private cause of action under the Rehabilitation Act.   See id.

(citing Cousins, 880 F.2d at 606; Clark, 937 F.2d at 125-26).

Accordingly, this Court should following the First, Second, Fourth, and

Seventh circuits, and the other district court cases cited above.   The Department of

Justice has regulations that provide for the only relief Mr. Yeh can obtain through the

Rehabilitation Act.   He does not have a right to a private cause of action under the

Act, and thus sovereign immunity bars his suit.

      **ii)**      **The only recourse Mr. Yeh has is to challenge the BOP's administrative finding through the APA, but because his complaint fails to challenge that ruling, this Court cannot infer he meant to bring an ADA complaint.**

One of the additional reasons why courts have found that there is no private

cause of action under section 504 of the Rehabilitation Act is because the proper

avenue to contest administrative decisions is through the Administrative Procedures

Act (the "APA"), 5 U.S.C. §§ 701-706.   The APA provides that when an agency acts

wrongly against an individual or its actions adversely affect or aggrieve that individual,

the individual is entitled to judicial review on two conditions:   1) a statute makes that

agency action reviewable and 2) there is no other adequate remedy at law.    Id.

§§ 702, 704.    Judicial review is not available if the agency action is reserved to the

agency discretion by law.    See Pudin, 186 F. Supp. 3d at 293 (quoting Marlow, 820

F.2d at 582).

In Sai, the D.C. district court noted that although Congress wanted to create a

right to be free of disability discrimination in federal programs and activities, there is

no evidence Congress created a private cause of action under the Rehabilitation Act.

149 F. Supp. 3d at 113.    The court presumed that Congress "knew that review would

be available under the APA [because t]he APA 'embodies the basic presumption of

judicial review to one suffering legal wrong because of agency action.'" Id. at 113-14

(quoting Abbott Labs. v. Gardner, 387 U.S. 136, 140 (1967) (internal quotations

omitted in original) (quoting 5 U.S.C. § 702)).

The Sai court, like many other courts noted above, cite to the First Circuit's

development of law in this area.    Id. (citing Cousins, 880 F.2d at 6). In Cousins, the

First Court has noted that the Rehabilitation Act is silent as to a private right of action

because the APA provides adequate relief, as it offers judicial review of agency

decisions.    880 F.2d at 6.    This ensures a "'a single uniform method for review of

agency action.'" Id.

Here, Yeh has the option to refile this action under the APA and seek judicial

review of the administrative record.    Importantly, under the APA, this Court must

review the record before the agency in making its decision.   See Camp v. Pitts, 411

U.S. 138, 142 (1973); Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 420

(1971).   Under the APA, this Court would not order further discovery or have

hearings that would include evidence outside of the administrative record.   See id. As

noted below, if Yeh pursues an APA action, he would have to have a live case or

controversy.   He has none.   Nevertheless, this Court should dismiss this matter for

lack of jurisdiction without prejudice to the extent Yeh wants to pursue an APA

action.

Any argument that this Court should just interpret the complaint as one

brought under the APA is without moment.   While the complaint summarily

references that the parties have engaged in this extensive process, Mr. Yeh is not

seeking review of the DOJ's final decision.   The complaint contains no reference to

the APA and does not seek to compel agency action that has been unlawfully

withheld or unreasonably delayed, nor does it seek to set aside agency action.   In fact,

the DOJ's final decision was actually favorable to Mr. Yeh in that it provided the

requested relief by directing the BOP to provide a videophone for Mr. Yeh's use.

Mr. Yeh's sole count in the complaint is framed as "discrimination on the basis

of a disability in violation of the Rehabilitation Act" and recites the application of the

Rehabilitation Act to the BOP and Yeh's request for a videophone.   See Compl.

(Doc. No. 1) at 9-10.   His requested relief is also in the nature of a private right of

action.   He seeks a declaratory judgment that BOP's policies and practices violated

and continue to violate Section 504 of the Rehabilitation Act and an injunction

enjoining any denial of effective telecommunications access, among other things.

Thus, like the above referenced actions, this Court should dismiss the Complaint –

[rather than holding a hearing].   See, e.g., Clark, 937 F.2d at 127, Cousins, 880 F.2d at

611; Marlow, 820 F.2d at 584; Salvador, 800 F.2d at 100.

### iii)   Mr. Yeh has not named the proper defendants

Presuming for purposes of argument that Mr. Yeh has raised a proper claim

under the Rehabilitation Act, he has improperly named United States Bureau of

Prisons (BOP), Hugh Hurwitz (incorrectly identified as Mark S. Inch), Acting

Director of the BOP, Michael Carvajal, NE Regional Director, and Ken Gabrielson

(incorrectly identified as J.E. Krueger), Acting Warden of FCI Schuylkill, as

defendants.   Only the head of an agency can be named as a defendant on a

Rehabilitation Act claim.   See, e.g., Smith v. DOD DLA DDSP, 1:CV-09-0413, 2010

Wl 1390854, at *7 (M.D. Pa. Mar. 30, 2010).   The proper party is the Attorney

General of the United States, head of the Department of Justice.   As such this Court

should deny the motion for failure to name the proper party.   See id.

### iv)   Mr. Yeh's claim is moot

24

Alternatively, even if Mr. Yeh had a viable Rehabilitation Act (or APA) claim, there is no case or controversy because the relief he seeks is currently being provided to him.   The United States Supreme Court has held:

> Article III of the Constitution grants the Judicial Branch authority to adjudicate "Cases" and "Controversies." In our system of government, courts have "no business" deciding legal disputes or expounding on law in the absence of such a case or controversy. Daimler Chrysler Corp. v. Cuno, 547 U.S. 332, 341 (2006). That limitation requires those who invoke the power of a federal court to demonstrate standing—a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). We have repeatedly held that an "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation.   Alvarez v. Smith, 558 U.S. 87, 92 (2009) (internal quotation marks omitted); Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed'" (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975))).

Already, LLC v. Nike, Inc., 568 U.S. 85, 980 (2013) (noting a case is moot "if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights'") (citing Alvarez, 558 U.S. at 93).

Here, the BOP is in the process of installing a videophone for Mr. Yeh's use. See Status Update (Ex. C).   His dispute is moot and there is no case or controversy for this Court to rule upon.

Therefore, Mr. Yeh will not be successful on the merits of this litigation, and this Court should not only deny the motion but dismiss the Complaint.

**2)  <u>Mr. Yeh will not be irreparably injured by denial of the relief</u>**

Mr. Yeh sought a videophone for his use at FCI Schuylkill.   The DOJ ordered that the videophone be provided and the BOP is in the process of providing that phone to him.   This Court could not order the BOP to circumvent its regulations and place a videophone in a federal institution without the necessary precautions.   This Court has recognized this notion in <u>Rosa-Diaz</u>, 2017 WL 7038469, at *2, when it noted that the Prison Litigation Reform Act also limits the power of courts to impose an injunction.   <u>See</u> <u>id.</u> (citing 18 U.S.C. § 3626(a)(1)(A)).   Thus, this Court must give substantial weight to the BOP's security concerns and the operation of the institution. <u>See</u> <u>id.</u>

As such, Mr. Yeh is receiving the relief he actually requested, and thus he would not be harmed by a second order providing that same relief.

**3)  Granting relief to Mr. Yeh will result in greater harm to the BOP**

The BOP has comprehensive regulations that provide recourse for Mr. Yeh. To grant relief to Mr. Yeh under the Rehabilitation Act would injure the BOP because the Court's order would make the BOP's regulations superfluous.   Also, to grant relief that would require the BOP to take certain shortcuts so that they do not consider the safety of the institution would injure them and all they protect.

**4)  Granting relief to Mr. Yeh will not be in the public interest.**

The Reverend Dr. Martin Luther King, Jr., like many civil rights leaders since,

26

reiterated in his <u>Letter from Birmingham Jail</u>, (April 16, 1963), that justice delayed is justice denied.    But in this case, Mr. Yeh received an order that he would receive his requested justice only 3 months prior to filing his complaint.    It is understood that Mr. Yeh is frustrated, but he is a federal prisoner.    The BOP, like the undersigned office and like many federal agencies, has successfully used TTY devices.    Times have changed and videophones are being used increasingly.    But, there is no evidence that those videophones are standard, they are just preferred.    Nevertheless, security must be evaluated and regulations must be followed.    It is in the public interest to allow the BOP to follow security protocol and follow the administrative order in compliance with their regulations.    Status updates demonstrate the videophone will soon be in place.    <u>See</u> Ex. C.

## V.    Conclusion

Mr. Yeh has not met his extraordinary burden of establishing he is entitled to preliminary injunctive relief.    Importantly, this Court has no jurisdiction over his Rehabilitation Act claim.    If he desires he can refile his Complaint under the APA. But if he does, he still will not assert a live case or controversy.    Mr. Yeh must exercise some patience, more than three months of patience.    Fairness dictates that this Court allow the BOP to comply with the administrative order.

Mr. Yeh's relief will come, it will just come with an eye to protecting not only him but all those housed and employed at FCI Schuylkill.

Respectfully submitted,

DAVID J. FREED
United States Attorney

s/Michael J. Butler
Michael J. Butler
Assistant United States Attorney
228 Walnut Street
PO Box 11754
Harrisburg, PA   17108-1754
Tel: (717)221-4482
Fax: (717)221-4493
Michael.J.Butler@usdoj.gov

Date:   July 23, 2018

**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN TC YEH,** | : | **NO. 3:18-CV-00943** |
| Plaintiff, | : | |
| | : | **(Munley, J.)** |
| v. | : | **(Carlson, M.J.)** |
| | : | |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS; MARK S. INCH,** | : | |
| **Director of the BOP; MICHAEL** | : | |
| **CARVAJAL, Regional Director of** | : | |
| **The BOP, Northeast Region;** | : | |
| **J.E. KRUEGER, Warden of** | : | |
| **FCI Schuylkill,** | : | |
| Defendants. | : | **Filed Electronically** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.   That on July 9, 2018, he served a copy of the attached

**BRIEF IN OPPOSITION TO**
**MOTION FOR A PRELIMINARY INJUNCTION**

by ECF

ADDRESSEE:

Mary C. Vargas, Esquire
Stein & Vargas, LLP
840 First Street, NE, Third Floor
Washington, D.C. 20002

Anna P. Bitencourt, Esquire
National Association of the Deaf Law & Advocacy Center
8630 Fenton Street
Suite 820
Silver Spring, MD 20910

/s Michael J. Butler
Michael J. Butler