IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN TC YEH, | : |
| **Plaintiff** | : |
| | : **CIVIL ACTION NO. 3:18-CV-943** |
| v. | : |
| UNITED STATES BUREAU OF PRISONS, et al. | : |
| **Defendants** | : |

### DECLARATION OF E. FRYMOYER

I, E. Frymoyer, hereby state:

1. I am employed by the Federal Bureau of Prisons (BOP) as an Attorney Advisor at the United States Penitentiary in Lewisburg, Pennsylvania (USP Lewisburg).

2. I have collected information from various BOP staff in order to provide a status update on the implementation of videophone technology at FCI Schuylkill as set forth below. This information is accurate to the best of my knowledge based on the information that was provided to me.

3. After the Department of Justice Complaint Adjudication Officer issued the final decision in this matter in February 2018, the Bureau of Prisons (BOP) undertook to determine the appropriate means of furnishing inmate Yeh and other deaf inmates with "videophone" access. While Video Relay Service (VRS) equipment was in use at another BOP institution, it was being used solely for calls between a deaf inmate and hearing individuals in the community with their communication occurring through an American Sign Language (ASL) interpreter. The BOP considered the ability to adapt the same VRS equipment for use as a "videophone" to allow inmate Yeh and other deaf inmates to communicate with other deaf individuals in the community using ASL while properly addressing the safety and security issues posed by an inmate's direct video access to individuals in the community.

4. The BOP also needed to decide on the appropriate contracting vehicle for FCI Schuylkill's purchase of the VRS equipment. It was determined that an existing contract could be used for the purchase, with FCI Schuylkill being given priority to use the contract. In June the institution was notified that it was authorized to utilize the existing contract for the purchase of equipment and funding was dispersed from the Central

1

Office level to the institution for purchase of the equipment excluding infrastructure costs.

5. In mid-June, after receiving the necessary information to proceed with the purchase, contracting staff at FCI Schuylkill contacted the vendor to request a quote. After receiving the quote, the institution placed an order for the VRS equipment and other related services including a site survey, maintenance, support, installation, and training.

6. The facilities department at FCI Schuylkill is responsible for many of the extensive infrastructure upgrades necessary to accommodate the installation of the VRS system. In July it ordered the anticipated materials necessary to complete the installation and began installing conduit. Two facilities staff members responsible for infrastructure installation began a temporary exemption from the institution's augmentation roster for the duration of this project. These staff members also voluntarily adjusted their days off in order to better coordinate their efforts to complete the project.

7. The institution's computer services manager submitted a request to the institution's internet service provider for the installation of a circuit for the VRS system. Despite multiple attempts to contact a representative about the circuit requirements for the VRS system since early July, the institution has not yet received confirmation from the internet service provider that the circuit will be installed as requested.

I hereby state under penalty of perjury pursuant to the provisions of 28 U.S.C. § 1746 that the above is accurate to the best of my knowledge.

E. Frymoyer
Attorney Advisor
USP Lewisburg

7/23/18
Date

2