# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN TC YEH,** | : | Civil No. 3:18-cv-943 |
| | : | |
| Plaintiff | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **UNITED STATES BUREAU** | : | |
| **OF PRISONS, et al.,** | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM ORDER

### I. Factual Background

This case, which brings claims under the Rehabilitation Act, 29 U.S.C. § 794, on behalf of a deaf federal inmate, comes before the court for consideration of a motion to stay discovery filed by the defendant, Bureau of Prisons. (Doc. 60.) By way of background, Yeh is a federal prisoner who is currently housed at the Federal Correctional Institution (FCI) Schuylkill, where he is serving a 108-month sentence following his conviction on federal fraud offenses. Yeh's current projected release date from federal custody is in October of 2019.

1

Yeh has been profoundly deaf from birth, and his primary language is American Sign Language (ASL). He cannot discriminate sounds to understand speech and therefore cannot use a standard telephone in the same way as a hearing person. Given this physical impairment, in order to communicate with his attorneys, family, and friends outside of FCI Schuylkill, Yeh requested a videophone, a form of technology which enables persons whose primary language is ASL to efficiently communicate with others. That request was initially denied by prison officials because the prison had an alternate technology, text-telephone services (TTY), available to Yeh at FCI Schuylkill.

The denial of this request, in turn, led to prolonged administrative hearings and proceedings, proceedings which ultimately concluded with a decision by the Department of Justice in February of 2018 that Yeh was entitled to access to videophone technology. Specifically, on February 5, 2018, the Department of Justice Complaint Adjudication Officer ("CAO") issued his decision finding that Yeh's "current access to TTY does not provide him with equal participation opportunities in [Schuylkill]" and that the BOP failed to provide evidence that videophones cause any undue administrative or financial hardships. As the CAO found:

> On the issue of videophone use, this decision finds that complainant's current access to TTY' does not provide him with equal participation opportunities in TCP. Complainant has requested videophone access and has provided sufficient evidence to establish that videophones will

2

> provide him with significantly greater participation opportunities in TCP. This decision further concludes that BOP has not provided evidence that videophone usage will significantly alter TCP or undermine the BOP mission by generating undue administrative or financial hardships. That said, BOP does have legitimate security concerns which, while not meeting the regulatory standard of establishing "fundamental alteration or undue burden," must be taken into account in installing videophone access. If complainant or BOP can identify another device that permits complainant to communicate with a hearing impaired individual using ASL but also provides more of the security safeguards that BOP insists upon, the parties are strongly encouraged to explore the implementation of such a device.
>
> If videophone is the only solution, complainant is cautioned that the actual implementation of videophone use will likely require significant patience and adjustment. BOP has significant responsibilities for assessing the available budget in the present and coming fiscal year, for determining the feasibility of installing dedicated lines at FCI Schuylkill or at another institution, and for coordinating a waiver from authorities at the Department of Justice. These and other attendant matters may take some time.

(Doc.3, Ex. A, p.21.)

Following this decision by the CAO, and his admonition to Yeh that "the actual implementation of videophone use will likely require significant patience" since these "matters may take some time", three months passed before Yeh filed his complaint in federal court on May 3, 2018, alleging that the continuing failure to install videophone technology at FCI Schuylkill violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. (Doc. 1.) Along with this complaint, Yeh filed a motion for preliminary injunction which sought a specific form of relief,

3

an order directing that the defendants "must immediately install a videophone at FCI Schuylkill." (Doc. 2, p. 16.)

This case was then referred to the undersigned. Recognizing the gravity of this matter for all concerned, we entered a series of orders aimed at permitting an expedited development of the factual record as it related to Yeh's request for a preliminary injunction, (Docs. 15, 20), and conducted a hearing on this motion for preliminary injunction on August 10, 2018, which disclosed that there were at least six steps which needed to be accomplished in order to complete installation of videophone technology at FCI Schuylkill. These steps included: (1) completion of infrastructure work on-site at the prison; (2) arranging internet access through an internet service provider; (3) scheduling the equipment installation and training contemplated under the BOP's contract with yet another private contractor; (4) clarifying whether implementation of this technology also requires the services of another VRS system provider, and scheduling that component of this work, if needed; (5) ensuring that security protocols were in place to allow this system to go on-line; and (6) confirming that the system has the peer-to-peer capabilities sought and described by the plaintiff. Moreover, many aspects of this installation process were dependent upon third-party contractors, Internet service providers and VRS system providers, none of whom were parties to this litigation. Recognizing that the essential

involvement of non-party contractors in this process would make issuance of a preliminary injunction problematic, we held this motion under advisement but instituted a rigorous program of reporting and case management, designed to ensure that the preliminary injunctive relief sought by Yeh, installation of a videophone, would be accomplished in a timely fashion. (Docs. 32, 34, 36-8, 40-4, 45-54.) As a result of these efforts, by December 4, 2018, it was reported that:

> On November 28, 2018, Plaintiff John TC Yeh made a phone call using a Videophone by the Video Relay Service installed at the Federal Correctional Institution in Minersville, Pennsylvania (FCI Schuylkill). During the first call, there was an internet connection issue, where the call "froze" for several seconds, but this problem has not recurred since that first phone call. Mr. Yeh asked that numerous phone numbers be installed into the VRS system for him to call, and the staff at FCI Schuylkill complied with that request. Since November 28, 2018, Mr. Yeh has made a total of 44 calls, totaling 182 minutes of time.

(Doc. 54.)

While these developments addressed Yeh's immediate need for communications access, the parties have continued their merits litigation. Towards that end the defendant has filed a motion for judgment on the pleadings, (Doc. 59), which is actively opposed by the plaintiff and remains pending before this court. In addition, the defendant filed a motion for protective order, (Doc. 60), which seeks to stay discovery pending resolution of this potentially dispositive motion.

As to this latter motion, the plaintiff's response is somewhat nuanced. The plaintiff does not outright oppose this motion. Instead, according to the plaintiff:

> [T]his Court should retain jurisdiction over the case and require Defendants to file status reports to ensure that Mr. Yeh has access to a videophone for the remainder of his time in Defendants' custody. In the alternative that this Court does not require Defendants to file status reports, Plaintiffs request discovery on why Defendants refuse to promise a videophone for the remainder of Mr. Yeh's time in federal custody. Staying discovery without status reports would leave Mr. Yeh in the dark without a meaningful opportunity to understand or challenge Defendants' bases for taking away videophone access. For the foregoing reasons, Mr. Yeh requests that this Court order Defendants to file regular status reports, or in the alternative to allow discovery to proceed without delay.

(Doc. 70, p. 1.)

Given the positions expressed by the parties on this issue, for the reasons set forth below, it will be ordered as follows: The defendant's motion for protective order will be GRANTED in part, and discovery will be stayed pending resolution of the outstanding motion for judgment on the pleadings. The Court will retain jurisdiction over this matter, however, and this order is entered without prejudice to the plaintiff filing a motion for expedited discovery or seeking other relief in the event that the defendant curtails or eliminates Yeh's videophone access.

## II.  **Discussion**

Several basic guiding principles inform our resolution of the instant discovery issues. At the outset rulings regarding the proper scope and timing of discovery are matters consigned to the court's discretion and judgment. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). Thus, a court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manriquez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

We also note that our broad discretion over discovery matters extends to decisions under Rule 26 relating to the issuance of protective orders limiting and regulating the timing of discovery. Indeed, it is undisputed that: " '[t]he grant and nature of [a protective order] is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion.' Galella v. Onassis, 487 F.2d 986, 997 (2d Cir.1973) (citation omitted)." Dove v. Atlantic Capital Corp., 963 F.2d 15, 19 (2d Cir. 1992).

This discretion is guided, however, by certain basic principles. One of these cardinal principles, governing the exercise of discretion in this field, is that the district court may properly defer or delay discovery while it considers a potentially dispositive pretrial motion, provided the district court concludes that the pretrial motion does not, on its face, appear groundless. See, e.g., James v. York County Police Dep't, 160 F.App'x 126, 136 (3d Cir. 2005); Nolan v. U.S. Dep't of Justice, 973 F.2d 843,849 (10th Cir. 1992); Johnson v. New York Univ. Sch. of Ed., 205 F.R.D. 433, 434 (S.D.N.Y. 2002). In such instances, it is clearly established that:

> "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.' " In re Currency Conversion Fee Antitrust Litigation,

> 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002) (quoting Chrysler Capital Corp. v. Century Power Corp., 137 F.R.D. 209, 209-10 (S.D.N.Y.1991)) ( citing Flores v. Southern Peru Copper Corp., 203 F.R.D. 92, 2001 WL 396422, at *2 (S.D.N.Y. Apr. 19, 2001); Anti-Monopoly, Inc. v. Hasbro, Inc., 1996 WL 101277, at *2 (S.D.N.Y. March 7, 1996)).

Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

Guided by these legal tenets we conclude that further discovery should be briefly stayed at this time until after the court resolves the pending motion for judgment on the pleadings. We reach this conclusion in accordance with settled case law, finding that: "[A] stay of discovery is appropriate pending resolution of a potentially dispositive motion where the motion 'appear[s] to have substantial grounds' or, stated another way, 'do[es] not appear to be without foundation in law.'" Johnson v. New York Univ. School of Educ., 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

On this score, we note that the plaintiff does not oppose the request, provided the court retains jurisdiction over this case, and requires periodic status reports from the defendant regarding Yeh's videophone access. We will retain jurisdiction over this case as we consider the defendant's motion for judgment on the pleadings. We note that this defense motion argues, in part, that Yeh's case is moot because the plaintiff now has the videophone access which he long sought. Of course, the swiftest way to undermine this argument would be for the defendant to curtail this access.

Recognizing this simple truth, while we will not require the Defendant to file periodic status reports, as requested by the plaintiff, we will enter this stay without prejudice to the plaintiff seeking expedited discovery and other relief in the event that his videophone access is curtailed.

An appropriate order follows:

### III. Order

The defendant's motion for protective order (Doc. 60), is GRANTED in part, and discovery is STAYED pending resolution of the outstanding motion for judgment on the pleadings. The court will retain jurisdiction in this case, however, and this order is entered without prejudice to the plaintiff seeking expedited discovery or other relief in the event that the defendant curtails or eliminates Yeh's videophone access.

Submitted this 25th day of March 2019.

/s/ *Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge