# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN TC YEH,** | : | **No. 3:18cv943** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **UNITED STATES BUREAU OF** | : | |
| **PRISONS; HUGH J. HURWITZ,** | : | |
| **Director of the BOP; J. RAY** | : | |
| **ORMOND, Regional Director of the** | : | |
| **BOP, Northeast Region; SCOTT** | : | |
| **FINLEY, Warden of FCI Schuylkill,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## <u>MEMORANDUM</u>

Before the court for disposition is Magistrate Judge Carlson's report and recommendation (hereinafter "R&R") which proposes denying the defendant's motion for judgment on the pleadings in regard to the assertion that the court lacks jurisdiction to entertain this case under the Rehabilitation Act of 1973 (hereinafter "RA") and deferring the motion in regard to the argument that the case is moot. (Doc. 78). Plaintiff's action is brought under § 504 of the RA, 29 U.S.C. § 794. The matter is fully briefed and ripe for disposition.

## Background

John TC Yeh, the plaintiff in the instant action, is a deaf man whose primary language is American Sign Language (hereinafter "ASL"). (Doc. 1,

Complaint, ¶¶6, 8).  He began serving a prison sentence on January 30, 2012 at Federal Correctional Institution Schuylkill Satellite Camp (hereinafter "FCI Schuylkill").  (Id. ¶17).  FCI Schuylkill is controlled and operated by the Bureau of Prisons (hereinafter "BOP"), and the BOP Inmate Telephone Regulations allow all inmates the opportunity to contact their family and community by granting the inmates 300 minutes of telephone use per month.  (Id. ¶¶12, 21–22).  FCI Schuylkill's supplemental Telephone Regulations for Inmates further specifies that inmates are allowed up to five calls per day with the telephones typically being available from 6:00 a.m. to 11:30 p.m. every day.  (Id. ¶¶22–23).

Because the plaintiff is deaf, however, he could not use the telephones the same way as a hearing person.  (Id. ¶19).  As a result, FCI Schuylkill provided the plaintiff with text-telephone services (hereinafter "TTY"), a telephone device equipped with a keyboard and a display screen.  (Id. ¶¶ 26, 34).  In order for the plaintiff to use the TTY, he was required to make prior arrangements with the outside party and a member of the staff.  Due to the logistics of transferring the calls, outside parties who lacked the ability to hear or speak, including several of the plaintiff's family members, could not call the plaintiff.  (Id. ¶¶ 34–35).

As a result, the plaintiff filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEO") to the Department of Justice Civil Rights Division claiming that FCI Schuylkill violated Section 504 of the RA when

it failed to provide him with an effective telecommunications device. (Id. ¶2).

Section 504 of the RA is a federal law which prohibits discrimination against people with disability in programs that receive federal financial assistance. 29 U.S.C. § 701 et seq.

The EEO Officer determined that the TTY FCI Schuylkill provided to the plaintiff was appropriate to accommodate his disability. (Id.) Afterwards, the plaintiff appealed the decision to an Administrative Law Judge (hereinafter "ALJ") who sustained the EEO Officer's finding. (Id.) Next, the plaintiff sent a Letter of Exceptions to the Complaint Adjudication Officer (hereinafter "CAO"). (Id.) The CAO issued his decision on February 5, 2018, finding in favor of the plaintiff. The CAO concluded that the plaintiff's access to the TTY did not provide him with equal opportunities and that the BOP failed to show the installation of a videophone would create an undue hardship. (Id.) Thus, the CAO ruled in the plaintiff's favor and directed the prison to install a videophone. (Id.)

About three months later, on May 3, 2018, the plaintiff filed the instant complaint alleging that the BOP had violated the RA by failing to comply with the CAO's decision and install a videophone. (Id. ¶ 2–3); (Doc. 1-1, Civil Cover Sheet at 1). On the same day, he moved for a preliminary injunction, asking the court to mandate that the defendants immediately install a videophone at FCI Schuylkill for the plaintiff. (Doc. 2, Plaintiff's Motion for Preliminary Injunction at

15). As a result, Magistrate Judge Carlson issued a series of orders and held a hearing on the motion to expedite the collection of information. (Docs. 15, 20, 28, 29). Because of the information that came to light, Magistrate Judge Carlson instituted a reporting and case management system to ensure the plaintiff's requested relief was not delayed. (Docs. 34, 36, 39, 40, 41, 45, 48, 49, 50, 51).

Then, on November 28, 2018, the plaintiff was able to make his first call using a videophone installed at FCI Schuylkill. (Doc. 54, Status Report Per the Court's Order of Nov. 27, 2018, ¶1). From November 28, 2018 to December 4, 2018, the plaintiff made forty-four phone calls, using a total of 182 minutes of call time. (Id. ¶4). On April 18, 2019, the plaintiff was placed in a halfway house, later being moved to home detention. (Doc. 77, Plaintiff's Status Update at 1). The plaintiff's projected release date is October 14, 2019. (Doc. 55, Joint Status Update, at defendant's ¶ 2). It appears that the videophone was available for the plaintiff's use at FCI Schuylkill up until he was placed in the halfway house, but the BOP has not guaranteed a videophone in the plaintiff's halfway house or any other BOP facility. (Id. at defendant's ¶¶ 5, 8, 11).

The defendants moved for judgment on the pleadings on February 5, 2019. (Doc. 59, Motion for Judgment of the Pleadings). Both parties briefed their positions, and Magistrate Judge Carlson filed his R&R on May 15, 2019. (Docs. 63, 69, 71, 78).

**Jurisdiction**

The plaintiff alleges a violation of the RA, 29 U.S.C. § 794, claiming that the court has jurisdiction pursuant to 28 U.S.C. § 1331. ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").  The defendant argues that there is no jurisdiction because the RA does not provide a cause of action here. This issue is discussed more fully below.

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir.1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir.1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of subject-matter jurisdiction." FED. R. CIV. P. 12(b)(1).  A motion to dismiss under Rule 12(b)(1) therefore challenges the power of a federal court to hear a claim or case. See Petruska v. Gannon Univ., 462 F.3d

5

294, 302 (3d Cir.2006). In the face of a 12(b)(1) motion, the plaintiff has the burden to "convince the court it has jurisdiction." <u>Gould Elecs., Inc. v. United States</u>, 220 F.3d 169, 178 (3d Cir. 2000); <u>see</u> <u>also</u> <u>Kehr Packages v. Fidelcor, Inc.</u>, 926 F.2d 1406, 1409 (3d Cir. 1991) ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion.").

**Discussion**

Magistrate Judge Carlson addresses two main issues in his R&R.  First, he finds that the RA does provide the plaintiff with a cause of action against the BOP, recommending the defendants' motion be denied on those grounds. (Doc. 78, 17).  Second, he addresses the question of mootness, recommending the defendants' motion be deferred pending the plaintiff's completion of his custodial sentence. (<u>Id.</u>)  We address both issues in turn.

### I.    Whether the Rehabilitation Act Provides a Cause of Action Against the BOP

The RA applies to disability discrimination cases "under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service." 29 U.S.C.A. § 794.  The defendants argue that the RA does not provide a cause of

action to the plaintiff because the RA generally applies to disability discrimination in employment situations. (Doc. 79, Defendants Obj. to R&R at 6-7).

The plaintiff, on the other hand, claims that the defendant misinterprets the Third Circuit's case law because the court intentionally used broad language, such as the phrase "aggrieved party" rather than "employee" in interpreting the RA. (Doc 80, Plaintiff's Reply to Defendants Obj. to R&R at 6). To support this proposition, the plaintiff discusses how judges in the Third Circuit and the Middle District of Pennsylvania have used this interpretation in cases such as Njos v. Bureau of Prisons, 3:12-cv-1251, 2015 WL 10376135 (M.D. Pa. Sept. 28, 2015) and Howard v. Bureau of Prisons, 3:05-cv-1372, 2008 WL 318387 (M.D. Pa. Feb. 4, 2008). (Id. at 7–8).

We agree with the plaintiff that precedent in the Third Circuit and the Middle District of Pennsylvania suggests that the RA allows a prisoner to bring a claim for injunctive relief against an agency and individuals in their official capacities. At least three cases in the Middle District of Pennsylvania have permitted prisoner plaintiffs to sue under the RA. Njos, 2015 WL 10376135; Collins v. Pigos, 1:12-cv-232, 2013 WL 943119 (M.D. Pa. Mar. 11, 2013)[1]; Howard, 2008 WL 318387. In fact Howard v. Bureau of Prisons explicitly states that a prisoner

---

[1] While it is true that the court dismissed this case, it did so because the *pro se* plaintiff failed to adequately plead his case, and it granted the plaintiff leave to amend his complaint brought under the RA. Collins, 2013 WL 943119, at *6.

may sue a regional director of a prison "in his official capacity for equitable relief" under the RA. Howard, 2008 WL 318387, at *10.

Additionally we agree that Spence v. Straw, 54 F.3d 196 (3d Cir. 1995) uses language that is sufficiently broad enough to encompass a prisoners ability to sue the BOP under the RA. In that case, the court stated that "[f]ederal agencies may, by the terms of the Rehabilitation Act, be sued for violation of either section 501 or 504 of the Act," emphasizing the language from the RA indicating that this applies " 'to any person aggrieved by an act or failure to act by any recipient of Federal assistance.' " Spence, 54 F.3d at 199 (quoting 29 U.S.C. § 794a(a)(2)). Additionally, nothing in Spence seems to indicate that the holding was intended to be limited to employment-related matters. Therefore, we hold that the plaintiff can maintain this action under the RA and the portion of the R&R dealing with this issue will be adopted.

## II.    Mootness

The defendants assert that the plaintiff's complaint is moot in that it does not provide a live case or controversy, and therefore, they are entitled to judgment on the pleadings. (Doc. 79, at 8). The defendant claims that the matter was moot from the time that the CAO granted relief to the plaintiff on the administrative level. (Id.) Moreover, as explained above, plaintiff is no longer incarcerated at FCI Schuylkill – he has been released to home confinement. As

a result defendants argue that the case is moot and request this Court to grant

their motion for judgment on the pleadings. (Id. at 10).

Defendants move for judgment on the pleadings pursuant to Federal Rule

of Civil Procedure 12(c), which provides that "[a]fter the pleadings are closed–but

early enough not to delay trial–a party may move for judgment on the pleadings."

FED. R. CIV. P. 12(c). Under Rule 12(c), judgment should be granted where:

> the movant clearly establishes that no material issue of
> fact remains to be resolved and that he is entitled to
> judgment as a matter of law. In considering a motion for
> judgment on the pleadings, the trial court is required to
> view the facts presented in the pleadings and the
> inferences to be drawn therefrom in the light most
> favorable to the nonmoving party. In this fashion the
> courts hope to insure that the rights of the nonmoving
> party are decided as fully and fairly on a rule 12(c)
> motion, as if there had been a trial.

Inst. for Scientific Info., Inc. v. Gordon & Breach Sci. Publishers, Inc., 931 F.2d
1002, 1004 (3d Cir. 1991) (citing Society Hill Civic Ass'n v. Harris, 632 F.2d 1045,
1054 (3d Cir. 1980); 5C Charles A. Wright & Arthur R. Miller, Fed. Practice and
Procedure, § 1367 at 205 (3d ed. 2004)); see also Sikirica v. Nationwide Ins. Co.,
416 F.3d 214, 220 (3d Cir. 2005) (finding that under Rule 12(c) "[j]udgment will
not be granted unless the movant clearly establishes there are no material issues
of fact, and he is entitled to judgment as a matter of law.").

The plaintiff disagrees with the defendants' characterization of this suit as

moot.  The plaintiff argues that even though he is no longer incarcerated and on

home confinement, the court should maintain jurisdiction over the case until he is

completely released from custody because the defendant cannot guarantee him

videophone access in the event that he returns to prison. (Doc 80, at 9). Because the defendant cannot guarantee him videophone access and because the defendants would need to approve the plaintiff's access at any new facility, the plaintiff argues that the suit cannot yet be considered moot. (Id. at 11).  The defendants, on the other hand, argue that this Court cannot simply assume that that the plaintiff may return to prison even though he has failed to demonstrate that he is likely to be incarcerated again. (Id. at 9).  After a careful review, we agree with the defendants that the case is moot.

Article III of the Constitution provides that the judicial power of the United States shall extend to "cases" and "controversies." U.S. CONST. art. III § 2. "[F]ederal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990).  "It is a basic principle of Article III that a justiciable case or controversy must remain 'extant at all stages of review, not merely at the time the complaint is filed.' " United States v. Juvenile Male, 564 U.S. 932, 936 (2011) (quoting Arizonans for Official English v. Arizona, 520 U.S. 43, 67 (1997)). "Federal courts may not 'decide questions that cannot affect the rights of litigants in the case before them' or give 'opinion[s] advising what the law would be upon a hypothetical state of facts.' " Chafin v. Chafin, 568 U.S. 165, 172 (quoting Lewis, 494 U.S. at 477). "A case becomes moot, and therefore, no longer a 'Case' or 'Controversy' for

purposes of Article III, 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " <u>Already, LLC v. Nike, Inc.</u>, 568 U.S. 85, 91 (2013) (quoting <u>Murphy v. Hunt</u>, 455 U.S. 478, 481 (1982)).

As Magistrate Judge Carlson pointed out in his R&R, an exception arises to this rule when a challenged action is "too short to be fully litigated prior to cessation or expiration," and "there is a reasonable expectation that the same complaining party will be subject to the same action again." <u>Rendell v. Rumsfeld</u>, 484 F.3d 236, 241 (3d Cir. 2007) (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 17 (1998)). We also agree with the magistrate judge that this exception is "narrow and available 'only in exceptional situations.'" <u>Id.</u> (quoting <u>City of Los Angeles v. Lyons</u>, 461 U.S. 95, 109 (1983)).

As Magistrate Judge Carlson discussed in his R&R, this case meets the first element of this test. Because the plaintiff is still within the custody of the BOP, and the BOP has declined to guarantee the plaintiff with comparable access to a videophone if he were to be returned to prison, the injury is capable of repetition. Further, with an expected release date of October 14, 2019, the plaintiff's remaining time in custody of the BOP would potentially be too short to fully litigate the case. (Doc. 55, Joint Status Update, defendants' ¶ 2).

We disagree, however, with Magistrate Judge Carlson's application of the second element of this test. It cannot be said that there is a reasonable

expectation the plaintiff will be subject to the same action again when he is currently on home detention. Here, the plaintiff's projected release date of October 14, 2019 is approximately two months from the issuing of this opinion. Nothing indicates that the plaintiff is likely to return to federal prison.

While it is true that the conditions of his confinement are subject to change, no evidence suggests that the plaintiff will be subject to the same harm, or a collateral harm for that matter, again. In fact, at the time the complaint was filed, FCI Schuylkill did not have a videophone, and the complaint sought the installation of, and access to, a videophone. (Doc. 1, Addendum Clause ¶¶ a-e). The parties agree that now, a videophone has been installed. Additionally, there was never any assertion that after its installation the defendants denied videophone access to the plaintiff. Thus, plaintiff seeks something he was never denied, that is, access to the installed video phone. Because he was never denied such access, we cannot hold that he has suffered an injury that is capable of repetition. Indeed, even prior to the installation of the videophone, the plaintiff had access to the TTY system at the prison to make calls. Therefore, we cannot find that this litigation remains a live case or controversy for the purposes of Article III of the constitution, and we must deem it to be moot.

**Conclusion**

For the foregoing reasons, we find that the RA does provide the plaintiff with a cause of action against the BOP, but this case is moot.  Thus, we will adopt Magistrate Judge Carlson's R&R in part and deny it in part.  An appropriate order follows.


                                               **BY THE COURT:**

**Date: August 6, 2019**             <ins>**s/ James M. Munley**</ins>
                                               **JUDGE JAMES M. MUNLEY**
                                               **United States District Judge**